UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TINA SOHN

Plaintiff,

v.

MORGAN STANLEY DW, INC., CARL
CHAPUT AND BEN FIRESTEIN.
Defendants.

Civil Action No.

04-12348 MLW

## DEFENDANTS' NOTICE OF REMOVAL

TO:   The Honorable Judges
      Of the United States District Court
      For the District of Massachusetts

Pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, Defendants, Morgan Stanley DW, Inc. ("Morgan Stanley"), Carl Chaput and Ben Firestein hereby remove this action from the Suffolk County Superior Court, State of Massachusetts, to this Court. The grounds for removal are:

1.   This is a civil action brought by the plaintiff, Tina Sohn in the Suffolk County Superior Court, State of Massachusetts, (Civil Action No. 03-03163-A).

2.   Suffolk County, State of Massachusetts, the place where this action was originally filed, is within the geographic boundaries of the United States District Court for the District of Massachusetts.

3. Morgan Stanley received a summons and a copy of a Complaint in this action by fax on October 8, 2004. A copy of the executed Summons and Complaint is attached hereto as Exhibit A.

4. Carl Chaput received a summons and a copy of a Complaint in this action on October 12, 2004.

5. Ben Firestein received a summons and a copy of a Complaint in this action on October 8, 2004.

6. This action filed by Plaintiff in state court is removable to this Court under 28 U.S.C. § 1441(a) as an action which this Court has original jurisdiction under 28 U.S.C. § 1332.

   a. <u>Diversity of Citizenship:</u> The parties to this action are citizens of different states and, accordingly, there is diversity of citizenship.

      i. Plaintiff Tina Sohn is an individual resident of the State of New York. <u>See</u> Complaint, attached as <u>Exhibit A</u>.

      ii. Defendant Morgan Stanley is a Delaware Corporation with its principal place of business in New York, New York. <u>See</u> Complaint, attached as <u>Exhibit A</u>.

      iii. Defendant Carl Chaput is an individual resident of the State of New Hampshire. <u>See</u> Complaint attached as <u>Exhibit A</u>.

      iv. Defendant Ben Firestein is an individual resident of the State of New York. <u>See</u> Complaint attached as <u>Exhibit A</u>.

   b. <u>Amount in Controversy:</u> The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest, fees, and costs. The allegations

of Plaintiff's Complaint satisfy the monetary threshold of 42 U.S.C. § 1332(a). See Complaint attached as Exhibit A.

7. Defendants will file this Notice of Removal within the period described by 28 U.S.C. § 1446.

8. Defendants will file a copy of this Notice of Removal with the Court Clerk, Suffolk County County Superior Court, 90 Devonshire Street, Boston, MA 02109.

9. Defendants will serve a copy of this Notice of Removal on Plaintiff pursuant to 28 U.S.C. § 1446 (d).

Date: November 4, 2004.

Respectfully Submitted:

*Corinne Hood*

Jaclyn L. Kugell (BBO # 561622)
Corinne L. Hood (BBO # 654311)
**MORGAN BROWN & JOY, LLP**
One Boston Place
Boston, MA 02108
(617) 523-6666
(617) 367-3125 (fax)

Attorneys for Defendants
Morgan Stanley DW, Inc.,
Carl Chaput, and Ben Firestein

### Certificate of Service

I hereby certify that a copy of the foregoing Defendant Morgan Stanley DW Inc.'s Notice of Removal was served upon Jeffrey C. Mc.Lucas, Esq., McLucas & West. P.C., 141 Tremont Street, Boston, MA 02111 by first class mail this 4th day of November 2004.

*Corinne Hood*

Corinne Hood

**A**

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. SUCV2004-03163-A

Tina Sohn , Plaintiff(s)

v.

Morgan Stanley DW, Inc.,
Carl Chaput and Ben Firestein, Defendant(s)

## SUMMONS

To the above-named Defendant: Morgan Stanley DW, Inc.

You are hereby summoned and required to serve upon Jeffrey C. McLucas, Esq. McLucas & West, P.C. plaintiff's attorney, whose address is 141 Tremont St., Boston, MA 02111 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the 7th day of October , in the year of our Lord two thousand 04 .

*Michael Joseph Donovan*
Clerk/Magistrate

A true copy Attest: [signature]
10/8/04 Deputy Sheriff Suffolk County

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
CIVIL ACTION
NO. 04-3163
Session A

TINA SOHN,
    Plaintiff,

v.

MORGAN STANLEY DW INC.,
CARL CHAPUT, and
BEN FIRESTEIN,
    Defendants.

## PLAINTIFF'S FIRST AMENDED COMPLAINT and JURY CLAIM

1. The Plaintiff, Tina Sohn, is an adult and a resident of New York, New York.

2. The Defendant, Morgan Stanley DW Inc. ("Morgan Stanley") is a Delaware corporation with a principal place of business located in New York, New York and a principal Massachusetts office located at 125 High Street, Boston, Suffolk County, Massachusetts whose registered agent for service is CT Corporation System, 101 Federal Street, Boston, Massachusetts. At all times relevant to this action, the Defendant was and is an employer as that term is defined by M.G.L. c. 151B.

3. The Defendant, Carl Chaput ("Chaput"), is an adult and a resident of Rye, New Hampshire.

4. The Defendant, Ben Firestein ("Firestein"), is an adult and a resident of Larchmont, New York.

5. All of the events and occurrences directly involving the Plaintiff giving rise to this complaint took place within the Commonwealth of Massachusetts.

6. The Plaintiff is an Asian-American female. The Plaintiff was hired by Morgan Stanley to be a Financial Advisor in February, 2000 and worked at a Morgan Stanley office formerly located at Copley Place in Boston until she was terminated by Morgan Stanley on July 17, 2001.

7. Throughout the period of the Plaintiff's employment by Morgan Stanley, Firestein was the Branch Manager of Morgan Stanley's Copley Place office (and who, as of May, 2002, held the title of Regional Vice President) and a supervisor of the Plaintiff in her capacity as an employee of Morgan Stanley.

8. Throughout the period of the Plaintiff's employment by Morgan Stanley, Chaput was the Sales Manager of Morgan Stanley's Copley Place office and a supervisor of the Plaintiff in her capacity as an employee of Morgan Stanley.

9. Throughout the period of her employment with Morgan Stanley, the Plaintiff performed her duties in a satisfactory and objectively acceptable manner. For significant periods of time during her employment the Plaintiff's performance exceeded the performance of her co-workers, including similarly situated male employees, both within Morgan Stanley's Copley Place office and similarly situated employees of Morgan Stanley within the United States. Morgan Stanley hired individuals as Financial Advisors with qualifications that were similar or less than those of the Plaintiff throughout the period of the Plaintiff's employment and after the Plaintiff's termination.

10. The composition of the work force of Morgan Stanley at Copley and throughout the company with respect to gender was overwhelmingly male particularly in the positions of Financial Advisors, Senior Brokers, Sales Managers and Branch Managers. During the period of time that the Plaintiff was an employee at the Morgan Stanley Copley office there were approximately 50 Financial Advisors and approximately 20 Senior Brokers. There were no more than 4 female Financial Advisors and none of the Senior Advisors were female.

11. The Financial Advisors at Morgan Stanley's Copley office were seated in rows of tables or benches with computer terminals and desktops. The area was a large open area known as the "trading pit" or the "pit." The Managers and Senior Brokers had offices on the perimeter. The office environment at Morgan Stanley's Copley office during the period of the Plaintiff's employment and, in particular the trading pit, was rife with sexual discussions and innuendo, sexual jokes and sexual comments by male employees of Morgan Stanley.

12. During her employment with Morgan Stanley, comments of a sexual nature were made to and about the Plaintiff as well as other females so that the Plaintiff could

2

hear these comments and these comments could be overhead by clients and people with whom the Plaintiff was speaking in the course of her job duties and responsibilities. The sexual comments and innuendo, sexual joking and bantering by and among the male employees at the Morgan Stanley Copley office were unwelcome by the Plaintiff and the Plaintiff found this conduct by male employees to be sexually hostile, humiliating and offensive both personally and to woman in general. This conduct by the Plaintiff's male co-workers created a sexually hostile and offensive work environment for the Plaintiff that was severe and pervasive and interfered with the Plaintiff's ability to perform her job. Some of these sexual comments were made in a large conference room where weekly meetings involving numerous employees were held and in the presence of the Plaintiff's supervisors including Chaput and Firestein. Chaput and Firestein witnessed this conduct, were aware it occurred and was occurring and did nothing to halt this conduct or reprimand or discipline the male employees engaged in this conduct. In addition, Chaput and Firestein engaged in similar conduct themselves in the presence of and at times directed toward the Plaintiff which was unwelcome and which the Plaintiff found offensive and hostile.

13. The sexually harassing and sexually hostile conduct and environment also took place in social settings that were closely connected physically and philosophically to the workplace. Several times a week a number of the Financial Advisors and Senior Brokers from Morgan Stanley's Copley office socialized at bars and restaurants near the workplace and encouraged and invited others to join them including the Plaintiff and the administrative assistants in the office who were all female. Employees who did not attend or participate in these social gatherings were treated as outsiders in the workplace who would then find it difficult, if not impossible, to be able to draw on resources in the workplace that were necessary to perform their jobs. The atmosphere at these social, work-connected gatherings was highly charged with a sexual overtone. The conversation initiated and provoked by the male employees was largely about sexual topics and issues. The gatherings appeared to lead to a noticeable number of intra-office sexual affairs. On one occasion, the Senior Brokers in attendance (all male) collected money as a dare or a bet for the female administrative assistants to kiss each other. The behavior of the male employees was known to Morgan Stanley management and supervision.

14. The Plaintiff made verbal complaints about the sexually hostile and offensive and discriminatory work environment to Chaput, Firestein and others but her complaints were received coldly, ignored, rejected and no action was taken to correct the problems or stop the conduct. To the best of the Plaintiff's knowledge, neither Chaput nor Firestein reported these problems to Morgan Stanley's Human Resources Department.

15. From the Spring through the Fall of 2000, it appeared to the Plaintiff and other employees at Morgan Stanley's Copley office that Chaput, the Sales Manager, was having an extra-marital affair with an Asian-American female Financial Advisor, Su Kim. Su Kim was terminated in the Fall of 2000. Following Ms. Kim's termination, Chaput made sexual overtures to the Plaintiff which were unwelcome and which the Plaintiff found offensive. Chaput conducted himself in a manner in front of the Plaintiff's co-workers suggesting and intimating that he and the Plaintiff were having a sexual affair. The Plaintiff rejected the sexual advances and overtures of Chaput.

16. The Plaintiff was not afforded a reasonable opportunity to maintain her employment with Morgan Stanley and to advance her career at Morgan Stanley due to her gender. During the period of her employment with Morgan Stanley the Plaintiff's reasonable requests for resources and assistance were ignored, rejected or denied while similarly situated male employees received the resources and assistance that they sought. The aforementioned discriminatory treatment of the Plaintiff was based upon her gender and her refusal to submit to the sexual advances of Chaput and tolerate the sexually hostile environment. The Plaintiff was treated differently than similarly situated male co-workers due to her gender. In addition, Chaput and Firestein and other male employees of Morgan Stanley committed various violations of Morgan Stanley policies as well as violations of regulations and codes of the security industry to the benefit of male employees and to the detriment of the Plaintiff.

17. The Plaintiff's job performance, status and evaluations as an employee of Morgan Stanley were negatively affected by sexually discriminatory treatment at the hands of Chaput and Firestein. The Plaintiff was treated differently than similarly situated male co-workers due to her gender and as retaliation for complaining about the sexually hostile and discriminatory environment and refusing to submit to the sexual advances and overtures of Chaput.

18. During the period of her employment with Morgan Stanley, the Plaintiff was: (a) subjected to a sexually hostile work environment created by her supervisors and her male co-workers which was unwelcome by the Plaintiff; (b) subjected to incidents of sexual harassment; (c) treated differently than similarly situated male employees by her supervisors due to her gender; (d) sexually harassed by Chaput due to her gender and ethnicity; (e) made verbal complaints to her supervisors about the sexually hostile work environment and sexual harassment which were not taken seriously, not investigated and concerning which no corrective action or discipline was taken or initiated; (f) subjected to retaliation and discrimination due to her refusal to submit to the sexual advances of Chaput; and (g) subjected to retaliation for her refusal to tolerate the sexual

4

harassment, sexually hostile work environment and gender discrimination in her workplace at Morgan Stanley.

19. Morgan Stanley failed to adequately supervise its managers/supervisors and failed to adequately enforce in its workplaces Morgan Stanley's policies with respect to sexual harassment, discrimination and retaliation in the workplace during the period of the Plaintiff's employment with Morgan Stanley all to the harm and detriment of the Plaintiff.

20. The Plaintiff's termination in July, 2001 was due to gender discrimination, her refusal to submit to the sexual advances of Chaput, and the Plaintiff's refusal to tolerate and her objection to the sexually hostile work environment, sexual harassment and gender discrimination at Morgan Stanley's Copley Office that was allowed to exist by Morgan Stanley.

21. The Plaintiff's termination also constituted a form of retaliation for her verbal complaints of sexual harassment, the sexually hostile work environment and gender discrimination. Morgan Stanley's stated reasons for the Plaintiff's termination were a pretext for gender discrimination, retaliation and sexual harassment.

22. The Plaintiff filed a discrimination complaint against Morgan Stanley with the Massachusetts Commission Against Discrimination ("MCAD") on January 16, 2002.

23. In October, 2002, the Plaintiff submitted a request to the MCAD to withdraw the MCAD complaint in order to file an action involving this matter in civil court which was subsequently approved by the MCAD in December, 2002.

## COUNT I

24. The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 23 of this complaint.

25. During the period of the Plaintiff's employment with Morgan Stanley, Chaput subjected the Plaintiff to sexual harassment; discrimination based upon the Plaintiff's gender and ethnicity; created, aided, abetted and incited sexual harassment and a sexually hostile work environment based upon the Plaintiff's gender and ethnicity in violation of M.G.L. c. 151B.

26. As a direct and proximate result of Chaput's violation of M.G.L. c. 151B, the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress.

WHEREFORE, the Plaintiff requests that this Honorable Court award to her damages including lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Chaput.

## COUNT II

27. The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 26 of this complaint.

28. During the period of the Plaintiff's employment with Morgan Stanley, Firestein subjected the Plaintiff to sexual harassment; discrimination based upon the Plaintiff's gender; created, aided, abetted and incited sexual harassment and a sexually hostile work environment based upon the Plaintiff's gender in violation of M.G.L. c. 151B.

29. As a direct and proximate result of Firestein's violation of M.G.L. c. 151B, the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress.

WHEREFORE, the Plaintiff requests that this Honorable Court award to her damages including lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Firestein.

## COUNT III

30. The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 29 of this complaint.

31. Chaput and Firestein engaged in sexual harassment and gender discrimination and failed to take immediate and responsive remedial measures and actions to alleviate and prevent the sexual harassment and sexually hostile work environment to which the Plaintiff was subjected in the workplace while an employee of Morgan Stanley, as set forth above, in violation of M.G.L. c. 151B despite the fact that Chaput and Firestein had actual and constructive knowledge

and notice of the sexual harassment suffer by the Plaintiff and the sexually hostile environment that existed at Morgan Stanley's Copley office.

32. As a direct and proximate result of violation of M.G.L. c. 151B by Chaput and Firestein, the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress.

WHEREFORE, the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Chaput and Firestein.

## COUNT IV

33. The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 32 of this complaint.

34. During the period of the Plaintiff's employment with Morgan Stanley, Chaput and Firestein were the Plaintiff's supervisors and held management positions with Morgan Stanley and subjected the Plaintiff to sexual harassment; discrimination based upon gender and ethnicity; created, aided, abetted and incited sexual harassment and a sexually hostile work environment all in violation of M.G.L. c. 151B.

35. Morgan Stanley is strictly liable to the Plaintiff for the violations by Chaput and Firestein of the Plaintiff's rights under and protected by M.G.L. c. 151B and the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress.

WHEREFORE, the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Morgan Stanley.

## COUNT V

36. The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 35 of this complaint.

7

37. Morgan Stanley's conduct as set forth above constitutes unlawful discrimination based upon gender or sex and ethnic background in violation of M.G.L. c. 151B.

38. As a direct and proximate result of Morgan Stanley's unlawful discrimination and violation of M.G.L. c. 151B, the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress

WHEREFORE, the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Morgan Stanley.

## COUNT VI

39. The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 39 of this complaint.

40. Morgan Stanley failed to adequately train and supervise its employees with respect to the requirement and prohibitions of M.G.L. c. 151B and failed to take immediate and responsive remedial measures and actions to alleviate and prevent the sexual harassment, sexually hostile work environment and gender discrimination to which the Plaintiff was subjected in the workplace while an employee of Morgan Stanley as set forth above in violation of M.G.L. c. 151B.

41. As a direct and proximate result of Morgan Stanley's violation of and failure to comply with M.G.L. c. 151B, the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress

WHEREFORE, the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Morton Stanley.

## COUNT VII

42. The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 41 of this complaint.

8

43. The conduct of Morgan Stanley and its employees as set forth above constitutes unlawful discrimination in violation of M.G.L. c. 151B.

44. Morgan Stanley's violation of M.G.L. c. 151B was outrageous, malicious and in reckless disregard of the rights of the Plaintiff.

WHEREFORE, the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees, punitive damages and such other and further relief as this Court deems just and proper against Morgan Stanley.

## COUNT VIII

45. The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 44 of this complaint.

46. During the period of her employment with Morgan Stanley, employees of Morgan Stanley's Copley office including, but not limited to, Chaput and Firestein committed various violations of Morgan Stanley policies as well as violations of regulations and codes of the security industry. The Plaintiff was pressured by Chaput and Firestein to commit, participate in and/or ignore these violations. The Plaintiff voiced her objections to and complained about these violations to management at Morgan Stanley.

47. The violations of Morgan Stanley policies as well as violations of regulations and codes of the security industry by Chaput and Firestein and others and the Plaintiff's complaints about and objections to these violations were a contributing factor to the termination of the Plaintiff by Morgan Stanley on July 17, 2001.

48. The Plaintiff's termination by Morgan Stanley on July 17, 2001 constituted wrongful termination in violation of public policy under Massachusetts law.

WHEREFORE, the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees, punitive damages and such other and further relief as this Court deems just and proper against Morgan Stanley.

## JURY CLAIM

The Plaintiff demands a trial by jury on all claims, counts and issues.

                              Plaintiff,
                              Tina Sohn,
                              By her attorneys,

*/s/ Jeffrey C. McLucas*

Jeffrey C. McLucas, B.B.O.# 550650
Michael A. West, B.B.O.# 523190
Richard T. Corbett, B.B.O. #099280
Christine E. McCabe, B.B.O.# 657363
McLUCAS & WEST, P.C.
141 Tremont Street, Fourth Floor
Boston, Massachusetts 02111
(617) 338-4242