MAS-20030912

guen

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

11/08/2004
03:04 PM

FILED
IN CLERKS OFFICE

## SUCV2004-03163
### Sohn v Morgan Stanley DW Inc et al

2004 NOV 10 P D 12

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 07/16/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 11/08/2004 | **Session** | A - Civil A | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 10/14/2004 | **Answer** | 12/13/2004 | **Rule12/19/20** | 12/13/2004 |
| **Rule 15** | 12/13/2004 | **Discovery** | 05/12/2005 | **Rule 56** | 06/11/2005 |
| **Final PTC** | 07/11/2005 | **Disposition** | 09/09/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Tina Sohn
Active 07/16/2004

**Private Counsel 550650**
Jeffrey C McLucas
McLucas & West
141 Tremont Street
4th Floor
Boston, MA 02111
Phone: 617-338-4242
Fax: 617-338-4244
Active 07/16/2004 Notify

**Private Counsel 523190**
Michael A West
McLucas & West
141 Tremont Street
4th Floor
Boston, MA 02111
Phone: 617-338-4242
Fax: 617-338-4244
Active 07/16/2004 Notify

**Private Counsel 099280**
Richard T Corbett
McLucas & West
141 Tremont Street
4th Floor
Boston, MA 02111
Phone: 617-338-4242
Fax: 617-338-4244
Active 07/16/2004 Notify

**Private Counsel 657363**
Christine E McCabe
McLucas & West
141 Tremont Street
4th floor
Boston, MA 02111
Phone: 617-338-4242
Fax: 617-338-4244
Withdrawn 11/08/2004

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

11/08/2004
03:04 PM

## SUCV2004-03163
## Sohn v Morgan Stanley DW Inc et al

**Defendant**
Morgan Stanley DW Inc
Served: 10/08/2004
Served (answr pending) 10/12/2004

**Private Counsel 561622**
Jaclyn L Kugell
Morgan Brown & Joy
1 Boston Place
Boston, MA 02108-4472
Phone: 617-523-6666
Fax: 617-367-3125
Active 11/08/2004 Notify

**Private Counsel 654311**
Corinne L Hood
Morgan Brown & Joy
1 Boston Place
Suite 1616
Boston, MA 02108-4472
Phone: 617-523-6666
Fax: 617-367-3125
Active 11/08/2004 Notify

**Defendant**
Carl Chaput
Served: 10/08/2004
Served (answr pending) 10/12/2004

**Private Counsel 561622**
Jaclyn L Kugell
Morgan Brown & Joy
1 Boston Place
Boston, MA 02108-4472
Phone: 617-523-6666
Fax: 617-367-3125
Active 11/08/2004 Notify

**Private Counsel 654311**
Corinne L Hood
Morgan Brown & Joy
1 Boston Place
Suite 1616
Boston, MA 02108-4472
Phone: 617-523-6666
Fax: 617-367-3125
Active 11/08/2004 Notify

**Defendant**
Ben Firestein
Served: 10/09/2004
Served (answr pending) 10/14/2004

**Private Counsel 561622**
Jaclyn L Kugell
Morgan Brown & Joy
1 Boston Place
Boston, MA 02108-4472
Phone: 617-523-6666
Fax: 617-367-3125
Active 11/08/2004 Notify

MAS-20030912
g0en

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

11/08/2004
03:04 PM

# SUCV2004-03163
## Sohn v Morgan Stanley DW Inc et al

|  | Private Counsel 654311 |
|---|---|
|  | Corinne L Hood |
|  | Morgan Brown & Joy |
|  | 1 Boston Place |
|  | Suite 1616 |
|  | Boston, MA 02108-4472 |
|  | Phone: 617-523-6666 |
|  | Fax: 617-367-3125 |
|  | Active 11/08/2004 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/16/2004 | 1.0 | Complaint & jury demand on complaint (all issues) |
| 07/16/2004 |  | Origin 1, Type B22, Track F. |
| 07/16/2004 | 2.0 | Civil action cover sheet filed |
| 10/07/2004 | 3.0 | Amended complaint of Tina Sohn (jury reqstd) |
| 10/12/2004 | 4.0 | SERVICE RETURNED:  Morgan Stanley DW Inc(Defendant) (In hand on 10/8/04) |
| 10/12/2004 | 5.0 | SERVICE RETURNED: Carl Chaput(Defendant) (In hand on 10/8/04) |
| 10/14/2004 | 6.0 | SERVICE RETURNED (summons): Ben Firestein, service made on October 09, 2004 (certified mail) return receipt |
| 10/14/2004 | 7.0 | SERVICE RETURNED (summons): Carl Chaput, service made on October 12, 2004 (certified mail) return receipt |
| 10/14/2004 | 8.0 | SERVICE RETURNED (summons): Morgan Stanley DW Inc, service made on October 12, 2004 (agent in charge service) |
| 10/14/2004 | 9.0 | SERVICE RETURNED (summons): Morgan Stanley DW Inc, service made on October 12, 2004 (in hand) to George Millerick, person in charge |
| 10/18/2004 | 10.0 | SERVICE RETURNED (amended complaint): Ben Firestein (Defendant) by certified mail return receipt on 10/12/04 |
| 10/20/2004 | 11.0 | SERVICE RETURNED (summons): Carl Chaput, service made on October 21, 2004 (certified mail) |
| 11/04/2004 | 12.0 | Affidavit of compliance with long-arm statute with proof of service on out of state defendant Carl Chaput & Ben Firestein |
| 11/05/2004 |  | Certified copy of petition for removal  to U. S. Dist. Court of Defts. Morgan Stanley D W, Inc., Carl  Chaput and Ben Firestein  U. S. Dist.#(04-12348MLW). |
| 11/08/2004 |  | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

I HEREBY ATTEST AND CERTIFY ON

NOV. 9, 2004

FOREGOING DOCUMENT IS A
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY
ASSISTANT CLERK.

case01 240082 y y y y y

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04-3163 A | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) Tina Sohn | DEFENDANT(S) Morgan Stanley Dean Witter, Inc., Carl Chaput and Ben Firestein |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Jeffrey C. McLucas, McLucas, McLucas & West, P.C. 141 Tremont St., 4th Flr., Boston, MA 02111 Board of Bar Overseers number: 550650 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s.97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript, relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
                                                                    Subtotal $. . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . exceeds $.100,000.00.
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . exceeds $.100,000.00.
F. Other documented items of damages (describe)
                                                                                          $. . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   The Plaintiff was subjected to sexual harassment and discrimination based upon gender and ethnic background and was terminated in violation of M.G.L.c 151B. The Plaintiff was also wrongfully terminated in violation of public policy.

                                                                                          $. . . . . . . . . . .
                                                                    exceeds TOTAL $.200,000.00.

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                           TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 7/16/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
NOV. 9, 2004   THAT THE
FOREGOING DOCUMENT IS A
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
          ASSISTANT CLERK.

*Suffolk Superior Civil # 04-03163*

## COMMONWEATH OF MASSACHUSETTS

**SUFFOLK, ss.**                                      **SUPERIOR COURT**

*U. S. District of Mass 12348 MLW*

---

**TINA SOHN**
    **Plaintiff,**


         **v.**


**MORGAN STANLEY DW, INC., CARL
CHAPUT AND BEN FIRESTEIN.
    Defendants.**

**Civil Action No.
04-03163-A**

---

### DEFENDANTS' NOTICE OF REMOVAL

TO:    Civil Clerks Office
        Suffolk County Superior Court
        90 Devonshire Street
        Boston, MA 02109

        Jeffrey C. McLucas, Esq.
        McLucas & West, P.C.
        141 Tremont Street
        Boston, MA 02111

**PLEASE TAKE NOTICE** that, Pursuant to 28 U.S.C. § 1441, et seq., this action has

been removed to the United States District Court for the District of Massachusetts. A

copy of the Notice of Removal, including all exhibits, is attached hereto.

        **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446(d),

the act of filing of the Notice of Removal with the Suffolk County Superior Court effects

the removal and "the State court shall proceed no further unless and until this case is

remanded."

Date:  November 4, 2004.

I HEREBY ATTEST AND CERTIFY ON
NOV. 9, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK

Respectfully Submitted:

Jaclyn L. Kugell (BBO #561622)
Corinne L. Hood (BBO # 654311)
**MORGAN BROWN & JOY, LLP**
One Boston Place
Boston, MA 02108
(617) 523-6666
(617) 367-3125 (fax)

Attorneys for Defendants
Morgan Stanley DW, Inc.,
Carl Chaput, and Ben Firestein

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**TINA SOHN**

     **Plaintiff,**

            **v.**                   **Civil Action No.**

**MORGAN STANLEY DW, INC., CARL
CHAPUT AND BEN FIRESTEIN.**
     **Defendants.**

## DEFENDANTS' NOTICE OF REMOVAL

TO:    The Honorable Judges
        Of the United States District Court
        For the District of Massachusetts

Pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, Defendants, Morgan Stanley

DW, Inc. ("Morgan Stanley"),Carl Chaput and Ben Firestein hereby remove this action

from the Suffolk County Superior Court, State of Massachusetts, to this Court. The

grounds for removal are:

1.           This is a civil action brought by the plaintiff, Tina Sohn in the Suffolk

            County Superior Court, State of Massachusetts, (Civil Action No. 03-

            03163-A).

2.           Suffolk County, State of Massachusetts, the place where this action was

            originally filed, is within the geographic boundaries of the United States

            District Court for the District of Massachusetts.

3.        Morgan Stanley received a summons and a copy of a Complaint in this action by fax on October 8, 2004. A copy of the executed Summons and Complaint is attached hereto as Exhibit A.

4.        Carl Chaput received a summons and a copy of a Complaint in this action on October 12, 2004.

5.        Ben Firestein received a summons and a copy of a Complaint in this action on October 8, 2004.

6.        This action filed by Plaintiff in state court is removable to this Court under 28 U.S.C. § 1441(a) as an action which this Court has original jurisdiction under 28 U.S.C. § 1332.

    a.  Diversity of Citizenship: The parties to this action are citizens of different states and, accordingly, there is diversity of citizenship.

        i.  Plaintiff Tina Sohn is an individual resident of the State of New York. See Complaint, attached as Exhibit A.

        ii.  Defendant Morgan Stanley is a Delaware Corporation with its principal place of business in New York, New York. See Complaint, attached as Exhibit A.

        iii.  Defendant Carl Chaput is an individual resident of the State of New Hampshire. See Complaint attached as Exhibit A.

        iv.  Defendant Ben Firestein is an individual resident of the State of New York. See Complaint attached as Exhibit A.

    b.  Amount in Controversy: The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest, fees, and costs. The allegations

of Plaintiff's Complaint satisfy the monetary threshold of 42 U.S.C. § 1332(a). See Complaint attached as Exhibit A.

7.      Defendants will file this Notice of Removal within the period described by 28 U.S.C. § 1446.

8.      Defendants will file a copy of this Notice of Removal with the Court Clerk, Suffolk County County Superior Court, 90 Devonshire Street, Boston, MA 02109.

9.      Defendants will serve a copy of this Notice of Removal on Plaintiff pursuant to 28 U.S.C. § 1446 (d).

Date:  November 4, 2004.

Respectfully Submitted:

*Corinne Hood*

Jaclyn L. Kugell (BBO # 561622)
Corinne L. Hood (BBO # 654311)
**MORGAN BROWN & JOY, LLP**
One Boston Place
Boston, MA 02108
(617) 523-6666
(617) 367-3125 (fax)

Attorneys for Defendants
Morgan Stanley DW, Inc.,
Carl Chaput, and Ben Firestein

### Certificate of Service

I hereby certify that a copy of the foregoing Defendant Morgan Stanley DW Inc.'s Notice of Removal was served upon Jeffrey C. Mc.Lucas, Esq., McLucas & West. P.C., 141 Tremont Street, Boston, MA 02111 by first class mail this 4th day of November 2004.

*Corinne Hood*

Corinne Hood

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**  Tina Sohn

2004 NOV -5 P 12: 16

**DEFENDANTS**  Morgan Stanley DW, Inc., Ben Firestein, and Carl Chaput

(b) County of Residence of First Listed Plaintiff  N/A
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)  617-338-4242
Jeffrey C. McLucas, Esq.
McLucas & West, P.C.
141 Tremont Street, Boston, MA 02111

Attorneys (If Known)  Jaclyn L. Kugell, Esq.
Corinne L. Hood, Esq.
Morgan, Brown & Joy, LLP
One Boston Place, Boston, MA 02108

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health ☐ 690 Other | ☐ 830 Patent ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights ☐ 555 Prison Condition | | |

*(Personal Injury column entries: ☐ 362 Personal Injury — Med. Malpractice; ☐ 365 Personal Injury — Product Liability; ☐ 368 Asbestos Personal Injury Product Liability; PERSONAL PROPERTY ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability)*

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. s. 1332 Diversity; Discrimination M.G.L. ch. 151B

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  _____  DOCKET NUMBER _____

DATE  11/5/04

SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT
                                               CIVIL ACTION
                                               NO. 04-3163
                                               Session A

```
                                    )
TINA SOHN,                          )
        Plaintiff,                  )
                                    )
v.                                  )
                                    )
MORGAN STANLEY DW INC.,             )
CARL CHAPUT, and                    )
BEN FIRESTEIN,                      )
        Defendants.                 )
                                    )
```

## PLAINTIFF'S FIRST AMENDED COMPLAINT and JURY CLAIM

1.   The Plaintiff, Tina Sohn, is an adult and a resident of New York, New York.

2.   The Defendant, Morgan Stanley DW Inc. ("Morgan Stanley") is a Delaware corporation with a principal place of business located in New York, New York and a principal Massachusetts office located at 125 High Street, Boston, Suffolk County, Massachusetts whose registered agent for service is CT Corporation System, 101 Federal Street, Boston, Massachusetts. At all times relevant to this action, the Defendant was and is an employer as that term is defined by M.G.L. c. 151B.

3.   The Defendant, Carl Chaput ("Chaput"), is an adult and a resident of Rye, New Hampshire.

4.   The Defendant, Ben Firestein ("Firestein"), is an adult and a resident of Larchmont, New York.

5.   All of the events and occurrences directly involving the Plaintiff giving rise to this complaint took place within the Commonwealth of Massachusetts.

6.   The Plaintiff is an Asian-American female. The Plaintiff was hired by Morgan
     Stanley to be a Financial Advisor in February, 2000 and worked at a Morgan
     Stanley office formerly located at Copley Place in Boston until she was
     terminated by Morgan Stanley on July 17, 2001.

7.   Throughout the period of the Plaintiff's employment by Morgan Stanley,
     Firestein was the Branch Manager of Morgan Stanley's Copley Place office (and
     who, as of May, 2002, held the title of Regional Vice President) and a supervisor
     of the Plaintiff in her capacity as an employee of Morgan Stanley.

8.   Throughout the period of the Plaintiff's employment by Morgan Stanley, Chaput
     was the Sales Manager of Morgan Stanley's Copley Place office and a supervisor
     of the Plaintiff in her capacity as an employee of Morgan Stanley.

9.   Throughout the period of her employment with Morgan Stanley, the Plaintiff
     performed her duties in a satisfactory and objectively acceptable manner. For
     significant periods of time during her employment the Plaintiff's performance
     exceeded the performance of her co-workers, including similarly situated male
     employees, both within Morgan Stanley's Copley Place office and similarly
     situated employees of Morgan Stanley within the United States. Morgan Stanley
     hired individuals as Financial Advisors with qualifications that were similar or
     less than those of the Plaintiff throughout the period of the Plaintiff's
     employment and after the Plaintiff's termination.

10.  The composition of the work force of Morgan Stanley at Copley and throughout
     the company with respect to gender was overwhelmingly male particularly in
     the positions of Financial Advisors, Senior Brokers, Sales Managers and Branch
     Managers. During the period of time that the Plaintiff was an employee at the
     Morgan Stanley Copley office there were approximately 50 Financial Advisors
     and approximately 20 Senior Brokers. There were no more than 4 female
     Financial Advisors and none of the Senior Advisors were female.

11.  The Financial Advisors at Morgan Stanley's Copley office were seated in rows of
     tables or benches with computer terminals and desktops. The area was a large
     open area known as the "trading pit" or the "pit." The Managers and Senior
     Brokers had offices on the perimeter. The office environment at Morgan
     Stanley's Copley office during the period of the Plaintiff's employment and, in
     particular the trading pit, was rife with sexual discussions and innuendo, sexual
     jokes and sexual comments by male employees of Morgan Stanley.

12.  During her employment with Morgan Stanley, comments of a sexual nature were
     made to and about the Plaintiff as well as other females so that the Plaintiff could

2

hear these comments and these comments could be overhead by clients and people with whom the Plaintiff was speaking in the course of her job duties and responsibilities. The sexual comments and innuendo, sexual joking and bantering by and among the male employees at the Morgan Stanley Copley office were unwelcome by the Plaintiff and the Plaintiff found this conduct by male employees to be sexually hostile, humiliating and offensive both personally and to woman in general. This conduct by the Plaintiff's male co-workers created a sexually hostile and offensive work environment for the Plaintiff that was severe and pervasive and interfered with the Plaintiff's ability to perform her job. Some of these sexual comments were made in a large conference room where weekly meetings involving numerous employees were held and in the presence of the Plaintiff's supervisors including Chaput and Firestein. Chaput and Firestein witnessed this conduct, were aware it occurred and was occurring and did nothing to halt this conduct or reprimand or discipline the male employees engaged in this conduct. In addition, Chaput and Firestein engaged in similar conduct themselves in the presence of and at times directed toward the Plaintiff which was unwelcome and which the Plaintiff found offensive and hostile.

13. The sexually harassing and sexually hostile conduct and environment also took place in social settings that were closely connected physically and philosophically to the workplace. Several times a week a number of the Financial Advisors and Senior Brokers from Morgan Stanley's Copley office socialized at bars and restaurants near the workplace and encouraged and invited others to join them including the Plaintiff and the administrative assistants in the office who were all female. Employees who did not attend or participate in these social gatherings were treated as outsiders in the workplace who would then find it difficult, if not impossible, to be able to draw on resources in the workplace that were necessary to perform their jobs. The atmosphere at these social, work-connected gatherings was highly charged with a sexual overtone. The conversation initiated and provoked by the male employees was largely about sexual topics and issues. The gatherings appeared to lead to a noticeable number of intra-office sexual affairs. On one occasion, the Senior Brokers in attendance (all male) collected money as a dare or a bet for the female administrative assistants to kiss each other. The behavior of the male employees was known to Morgan Stanley management and supervision.

14. The Plaintiff made verbal complaints about the sexually hostile and offensive and discriminatory work environment to Chaput, Firestein and others but her complaints were received coldly, ignored, rejected and no action was taken to correct the problems or stop the conduct. To the best of the Plaintiff's knowledge, neither Chaput nor Firestein reported these problems to Morgan Stanley's Human Resources Department.

3

15.   From the Spring through the Fall of 2000, it appeared to the Plaintiff and other employees at Morgan Stanley's Copley office that Chaput, the Sales Manager, was having an extra-marital affair with an Asian-American female Financial Advisor, Su Kim. Su Kim was terminated in the Fall of 2000. Following Ms. Kim's termination, Chaput made sexual overtures to the Plaintiff which were unwelcome and which the Plaintiff found offensive. Chaput conducted himself in a manner in front of the Plaintiff's co-workers suggesting and intimating that he and the Plaintiff were having a sexual affair. The Plaintiff rejected the sexual advances and overtures of Chaput.

16.   The Plaintiff was not afforded a reasonable opportunity to maintain her employment with Morgan Stanley and to advance her career at Morgan Stanley due to her gender. During the period of her employment with Morgan Stanley the Plaintiff's reasonable requests for resources and assistance were ignored, rejected or denied while similarly situated male employees received the resources and assistance that they sought. The aforementioned discriminatory treatment of the Plaintiff was based upon her gender and her refusal to submit to the sexual advances of Chaput and tolerate the sexually hostile environment. The Plaintiff was treated differently than similarly situated male co-workers due to her gender. In addition, Chaput and Firestein and other male employees of Morgan Stanley committed various violations of Morgan Stanley policies as well as violations of regulations and codes of the security industry to the benefit of male employees and to the detriment of the Plaintiff.

17.   The Plaintiff's job performance, status and evaluations as an employee of Morgan Stanley were negatively affected by sexually discriminatory treatment at the hands of Chaput and Firestein. The Plaintiff was treated differently than similarly situated male co-workers due to her gender and as retaliation for complaining about the sexually hostile and discriminatory environment and refusing to submit to the sexual advances and overtures of Chaput.

18.   During the period of her employment with Morgan Stanley, the Plaintiff was: (a) subjected to a sexually hostile work environment created by her supervisors and her male co-workers which was unwelcome by the Plaintiff ; (b) subjected to incidents of sexual harassment; (c) treated differently than similarly situated male employees by her supervisors due to her gender; (d) sexually harassed by Chaput due to her gender and ethnicity; (e) made verbal complaints to her supervisors about the sexually hostile work environment and sexual harassment which were not taken seriously, not investigated and concerning which no corrective action or discipline was taken or initiated; (f) subjected to retaliation and discrimination due to her refusal to submit to the sexual advances of Chaput; and (g) subjected to retaliation for her refusal to tolerate the sexual

4

harassment, sexually hostile work environment and gender discrimination in her workplace at Morgan Stanley.

19. Morgan Stanley failed to adequately supervise its managers/supervisors and failed to adequately enforce in its workplaces Morgan Stanley's policies with respect to sexual harassment, discrimination and retaliation in the workplace during the period of the Plaintiff's employment with Morgan Stanley all to the harm and detriment of the Plaintiff.

20. The Plaintiff's termination in July, 2001 was due to gender discrimination, her refusal to submit to the sexual advances of Chaput, and the Plaintiff's refusal to tolerate and her objection to the sexually hostile work environment, sexual harassment and gender discrimination at Morgan Stanley's Copley Office that was allowed to exist by Morgan Stanley.

21. The Plaintiff's termination also constituted a form of retaliation for her verbal complaints of sexual harassment, the sexually hostile work environment and gender discrimination. Morgan Stanley's stated reasons for the Plaintiff's termination were a pretext for gender discrimination, retaliation and sexual harassment.

22. The Plaintiff filed a discrimination complaint against Morgan Stanley with the Massachusetts Commission Against Discrimination ("MCAD") on January 16, 2002.

23. In October, 2002, the Plaintiff submitted a request to the MCAD to withdraw the MCAD complaint in order to file an action involving this matter in civil court which was subsequently approved by the MCAD in December, 2002.

## COUNT I

24. The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 23 of this complaint.

25. During the period of the Plaintiff's employment with Morgan Stanley, Chaput subjected the Plaintiff to sexual harassment; discrimination based upon the Plaintiff's gender and ethnicity; created, aided, abetted and incited sexual harassment and a sexually hostile work environment based upon the Plaintiff's gender and ethnicity in violation of M.G.L. c. 151B.

26.   As a direct and proximate result of Chaput's violation of M.G.L. c. 151B, the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress.

**WHEREFORE**, the Plaintiff requests that this Honorable Court award to her damages including lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Chaput.

## COUNT II

27.   The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 26 of this complaint.

28.   During the period of the Plaintiff's employment with Morgan Stanley, Firestein subjected the Plaintiff to sexual harassment; discrimination based upon the Plaintiff's gender; created, aided, abetted and incited sexual harassment and a sexually hostile work environment based upon the Plaintiff's gender in violation of M.G.L. c. 151B.

29.   As a direct and proximate result of Firestein's violation of M.G.L. c. 151B, the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress.

**WHEREFORE**, the Plaintiff requests that this Honorable Court award to her damages including lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Firestein.

## COUNT III

30.   The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 29 of this complaint.

31.   Chaput and Firestein engaged in sexual harassment and gender discrimination and failed to take immediate and responsive remedial measures and actions to alleviate and prevent the sexual harassment and sexually hostile work environment to which the Plaintiff was subjected in the workplace while an employee of Morgan Stanley, as set forth above, in violation of M.G.L. c. 151B despite the fact that Chaput and Firestein had actual and constructive knowledge

and notice of the sexual harassment suffer by the Plaintiff and the sexually hostile environment that existed at Morgan Stanley's Copley office.

32.   As a direct and proximate result of violation of M.G.L. c. 151B by Chaput and Firestein, the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress.

**WHEREFORE,** the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Chaput and Firestein.

## COUNT IV

33.   The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 32 of this complaint.

34.   During the period of the Plaintiff's employment with Morgan Stanley, Chaput and Firestein were the Plaintiff's supervisors and held management positions with Morgan Stanley and subjected the Plaintiff to sexual harassment; discrimination based upon gender and ethnicity; created, aided, abetted and incited sexual harassment and a sexually hostile work environment all in violation of M.G.L. c. 151B.

35.   Morgan Stanley is strictly liable to the Plaintiff for the violations by Chaput and Firestein of the Plaintiff's rights under and protected by M.G.L. c. 151B and the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress.

**WHEREFORE,** the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Morgan Stanley.

## COUNT V

36.   The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 35 of this complaint.

37.    Morgan Stanley's conduct as set forth above constitutes unlawful discrimination based upon gender or sex and ethnic background in violation of M.G.L. c. 151B.

38.    As a direct and proximate result of Morgan Stanley's unlawful discrimination and violation of M.G.L. c. 151B, the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress

**WHEREFORE,** the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Morgan Stanley.

## COUNT VI

39.    The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 39 of this complaint.

40.    Morgan Stanley failed to adequately train and supervise its employees with respect to the requirement and prohibitions of M.G.L. c. 151B and failed to take immediate and responsive remedial measures and actions to alleviate and prevent the sexual harassment, sexually hostile work environment and gender discrimination to which the Plaintiff was subjected in the workplace while an employee of Morgan Stanley as set forth above in violation of M.G.L. c. 151B.

41.    As a direct and proximate result of Morgan Stanley's violation of and failure to comply with M.G.L. c. 151B, the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress

**WHEREFORE,** the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Morton Stanley.

## COUNT VII

42.    The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 41 of this complaint.

43.     The conduct of Morgan Stanley and its employees as set forth above constitutes unlawful discrimination in violation of M.G.L. c. 151B.

44.     Morgan Stanley's violation of M.G.L. c. 151B was outrageous, malicious and in reckless disregard of the rights of the Plaintiff.

**WHEREFORE,** the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees, punitive damages and such other and further relief as this Court deems just and proper against Morgan Stanley.

## COUNT VIII

45.     The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 44 of this complaint.

46.     During the period of her employment with Morgan Stanley, employees of Morgan Stanley's Copley office including, but not limited to, Chaput and Firestein committed various violations of Morgan Stanley policies as well as violations of regulations and codes of the security industry. The Plaintiff was pressured by Chaput and Firestein to commit, participate in and/or ignore these violations. The Plaintiff voiced her objections to and complained about these violations to management at Morgan Stanley.

47.     The violations of Morgan Stanley policies as well as violations of regulations and codes of the security industry by Chaput and Firestein and others and the Plaintiff's complaints about and objections to these violations were a contributing factor to the termination of the Plaintiff by Morgan Stanley on July 17, 2001.

48.     The Plaintiff's termination by Morgan Stanley on July 17, 2001 constituted wrongful termination in violation of public policy under Massachusetts law.

**WHEREFORE,** the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees, punitive damages and such other and further relief as this Court deems just and proper against Morgan Stanley.

## JURY CLAIM

The Plaintiff demands a trial by jury on all claims, counts and issues.

Plaintiff,
Tina Sohn,
By her attorneys,

. HEREBY ATTEST AND CERTIFY ON

__NOV. 9, 2004__ , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK

Jeffrey C. McLucas, B.B.O.# 550650
Michael A. West, B.B.O.# 523190
Richard T. Corbett, B.B.O. #099280
Christine E. McCabe, B.B.O.# 657363
McLUCAS & WEST, P.C.
141 Tremont Street, Fourth Floor
Boston, Massachusetts  02111
(617) 338-4242

10

**1**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
CIVIL ACTION
NO.
Session

04-3163

|  |  |
|---|---|
| TINA SOHN, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MORGAN STANLEY DW INC., | ) |
| CARL CHAPUT, and | ) |
| BEN FIRESTEIN, | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT AND JURY CLAIM

1.   The Plaintiff, Tina Sohn, is an adult and a resident of New York, New York.

2.   The Defendant, Morgan Stanley DW Inc. ("Morgan Stanley") is a Delaware corporation with a principal place of business located in New York, New York and a principal Massachusetts office located at 125 High Street, Boston, Suffolk County, Massachusetts whose registered agent for service is CT Corporation System, 101 Federal Street, Boston, Massachusetts. At all times relevant to this action, the Defendant was and is an employer as that term is defined by M.G.L. c. 151B.

3.   The Defendant, Carl Chaput ("Chaput"), is an adult and a resident of Andover, Essex County, Massachusetts.

4.   The Defendant, Ben Firestein ("Firestein"), is an adult and a resident of the state of Connecticut.

5.   All of the events and occurrences directly involving the Plaintiff giving rise to this complaint took place within the Commonwealth of Massachusetts.

6.  The Plaintiff is an Asian-American female. The Plaintiff was hired by Morgan Stanley to be a Financial Advisor in February, 2000 and worked at a Morgan Stanley office formerly located at Copley Place in Boston until she was terminated by Morgan Stanley on July 17, 2001.

7.  Throughout the period of the Plaintiff's employment by Morgan Stanley, Firestein was the Branch Manager of Morgan Stanley's Copley Place office (and who, as of May, 2002, held the title of Regional Vice President) and a supervisor of the Plaintiff in her capacity as an employee of Morgan Stanley.

8.  Throughout the period of the Plaintiff's employment by Morgan Stanley, Chaput was the Sales Manager of Morgan Stanley's Copley Place office and a supervisor of the Plaintiff in her capacity as an employee of Morgan Stanley.

9.  Throughout the period of her employment with Morgan Stanley, the Plaintiff performed her duties in a satisfactory and objectively acceptable manner. For significant periods of time during her employment the Plaintiff's performance exceeded the performance of her co-workers, including similarly situated male employees, both within Morgan Stanley's Copley Place office and similarly situated employees of Morgan Stanley within the United States. Morgan Stanley hired individuals as Financial Advisors with qualifications that were similar or less than those of the Plaintiff throughout the period of the Plaintiff's employment and after the Plaintiff's termination.

10. The composition of the work force of Morgan Stanley at Copley and throughout the company with respect to gender was overwhelmingly male particularly in the positions of Financial Advisors, Senior Brokers, Sales Managers and Branch Managers. During the period of time that the Plaintiff was an employee at the Morgan Stanley Copley office there were approximately 50 Financial Advisors and approximately 20 Senior Brokers. There were no more than 4 female Financial Advisors and none of the Senior Advisors were female.

11. The Financial Advisors at Morgan Stanley's Copley office were seated in rows of tables or benches with computer terminals and desktops. The area was a large open area known as the "trading pit" or the "pit." The Managers and Senior Brokers had offices on the perimeter. The office environment at Morgan Stanley's Copley office during the period of the Plaintiff's employment and, in particular the trading pit, was rife with sexual discussions and innuendo, sexual jokes and sexual comments by male employees of Morgan Stanley.

12. During her employment with Morgan Stanley, comments of a sexual nature were made to and about the Plaintiff as well as other females so that the Plaintiff could

hear these comments and these comments could be overhead by clients and people with whom the Plaintiff was speaking in the course of her job duties and responsibilities. The sexual comments and innuendo, sexual joking and bantering by and among the male employees at the Morgan Stanley Copley office were unwelcome by the Plaintiff and the Plaintiff found this conduct by male employees to be sexually hostile, humiliating and offensive both personally and to woman in general. This conduct by the Plaintiff's male co-workers created a sexually hostile and offensive work environment for the Plaintiff that was severe and pervasive and interfered with the Plaintiff's ability to perform her job. Some of these sexual comments were made in a large conference room where weekly meetings involving numerous employees were held and in the presence of the Plaintiff's supervisors including Chaput and Firestein. Chaput and Firestein witnessed this conduct, were aware it occurred and was occurring and did nothing to halt this conduct or reprimand or discipline the male employees engaged in this conduct. In addition, Chaput and Firestein engaged in similar conduct themselves in the presence of and at times directed toward the Plaintiff which was unwelcome and which the Plaintiff found offensive and hostile.

13.    The sexually harassing and sexually hostile conduct and environment also took place in social settings that were closely connected physically and philosophically to the workplace. Several times a week a number of the Financial Advisors and Senior Brokers from Morgan Stanley's Copley office socialized at bars and restaurants near the workplace and encouraged and invited others to join them including the Plaintiff and the administrative assistants in the office who were all female. Employees who did not attend or participate in these social gatherings were treated as outsiders in the workplace who would then find it difficult, if not impossible, to be able to draw on resources in the workplace that were necessary to perform their jobs. The atmosphere at these social, work-connected gatherings was highly charged with a sexual overtone. The conversation initiated and provoked by the male employees was largely about sexual topics and issues. The gatherings appeared to lead to a noticeable number of intra-office sexual affairs. On one occasion, the Senior Brokers in attendance (all male) collected money as a dare or a bet for the female administrative assistants to kiss each other. The behavior of the male employees was known to Morgan Stanley management and supervision.

14.    The Plaintiff made verbal complaints about the sexually hostile and offensive and discriminatory work environment to Chaput, Firestein and others but her complaints were received coldly, ignored, rejected and no action was taken to correct the problems or stop the conduct. To the best of the Plaintiff's knowledge, neither Chaput nor Firestein reported these problems to Morgan Stanley's Human Resources Department.

15.  From the Spring through the Fall of 2000, it appeared to the Plaintiff and other employees at Morgan Stanley's Copley office that Chaput, the Sales Manager, was having an extra-marital affair with an Asian-American female Financial Advisor, Su Kim. Su Kim was terminated in the Fall of 2000. Following Ms. Kim's termination, Chaput made sexual overtures to the Plaintiff which were unwelcome and which the Plaintiff found offensive. Chaput conducted himself in a manner in front of the Plaintiff's co-workers suggesting and intimating that he and the Plaintiff were having a sexual affair. The Plaintiff rejected the sexual advances and overtures of Chaput.

16.  The Plaintiff was not afforded a reasonable opportunity to maintain her employment with Morgan Stanley and to advance her career at Morgan Stanley due to her gender. During the period of her employment with Morgan Stanley the Plaintiff's reasonable requests for resources and assistance were ignored, rejected or denied while similarly situated male employees received the resources and assistance that they sought. The aforementioned discriminatory treatment of the Plaintiff was based upon her gender and her refusal to submit to the sexual advances of Chaput and tolerate the sexually hostile environment. The Plaintiff was treated differently than similarly situated male co-workers due to her gender. In addition, Chaput and Firestein and other male employees of Morgan Stanley committed various violations of Morgan Stanley policies as well as violations of regulations and codes of the security industry to the benefit of male employees and to the detriment of the Plaintiff.

17.  The Plaintiff's job performance, status and evaluations as an employee of Morgan Stanley were negatively affected by sexually discriminatory treatment at the hands of Chaput and Firestein. The Plaintiff was treated differently than similarly situated male co-workers due to her gender and as retaliation for complaining about the sexually hostile and discriminatory environment and refusing to submit to the sexual advances and overtures of Chaput.

18.  During the period of her employment with Morgan Stanley, the Plaintiff was: (a) subjected to a sexually hostile work environment created by her supervisors and her male co-workers which was unwelcome by the Plaintiff ; (b) subjected to incidents of sexual harassment; (c) treated differently than similarly situated male employees by her supervisors due to her gender; (d) sexually harassed by Chaput due to her gender and ethnicity; (e) made verbal complaints to her supervisors about the sexually hostile work environment and sexual harassment which were not taken seriously, not investigated and concerning which no corrective action or discipline was taken or initiated; (f) subjected to retaliation and discrimination due to her refusal to submit to the sexual advances of Chaput; and (g) subjected to retaliation for her refusal to tolerate the sexual

4

harassment, sexually hostile work environment and gender discrimination in her workplace at Morgan Stanley.

19. Morgan Stanley failed to adequately train, supervise and enforce its policies prohibiting sexual harassment, discrimination and retaliation in the workplace during the period of her employment with Morgan Stanley all to the harm and detriment of the Plaintiff.

20. The Plaintiff's termination in July, 2001 was due to gender discrimination, her refusal to submit to the sexual advances of Chaput, and the Plaintiff's refusal to tolerate and her objection to the sexually hostile work environment, sexual harassment and gender discrimination at Morgan Stanley's Copley Office that was allowed to exist by Morgan Stanley.

21. The Plaintiff's termination also constituted a form of retaliation for her verbal complaints of sexual harassment, the sexually hostile work environment and gender discrimination.  Morgan Stanley's stated reasons for the Plaintiff's termination were a pretext for gender discrimination, retaliation and sexual harassment.

22. The Plaintiff filed a discrimination complaint against Morgan Stanley with the Massachusetts Commission Against Discrimination ("MCAD") on January 16, 2002.

23. In October, 2002, the Plaintiff submitted a request to the MCAD to withdraw the MCAD complaint in order to file an action involving this matter in civil court which was subsequently approved by the MCAD in December, 2002.

## COUNT I

24. The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 23 of this complaint.

25. During the period of the Plaintiff's employment with Morgan Stanley, Chaput subjected the Plaintiff to sexual harassment; discrimination based upon the Plaintiff's gender and ethnicity; created, aided, abetted and incited sexual harassment and a sexually hostile work environment based upon the Plaintiff's gender and ethnicity in violation of M.G.L. c. 151B.

26.    As a direct and proximate result of Chaput's violation of M.G.L. c. 151B, the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress.

**WHEREFORE,** the Plaintiff requests that this Honorable Court award to her damages including lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Chaput.

## COUNT II

27.    The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 26 of this complaint.

28.    During the period of the Plaintiff's employment with Morgan Stanley, Firestein subjected the Plaintiff to sexual harassment; discrimination based upon the Plaintiff's gender; created, aided, abetted and incited sexual harassment and a sexually hostile work environment based upon the Plaintiff's gender in violation of M.G.L. c. 151B.

29.    As a direct and proximate result of Firestein's violation of M.G.L. c. 151B, the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress.

**WHEREFORE,** the Plaintiff requests that this Honorable Court award to her damages including lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Firestein.

## COUNT III

30.    The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 29 of this complaint.

31.    Chaput and Firestein engaged in sexual harassment and gender discrimination and failed to take immediate and responsive remedial measures and actions to alleviate and prevent the sexual harassment and sexually hostile work environment to which the Plaintiff was subjected in the workplace while an employee of Morgan Stanley, as set forth above, in violation of M.G.L. c. 151B despite the fact that Chaput and Firestein had actual and constructive knowledge

and notice of the sexual harassment suffer by the Plaintiff and the sexually hostile environment that existed at Morgan Stanley's Copley office.

32.    As a direct and proximate result of violation of M.G.L. c. 151B by Chaput and Firestein, the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress.

**WHEREFORE**, the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Chaput and Firestein.

## COUNT IV

33.    The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 32 of this complaint.

34.    During the period of the Plaintiff's employment with Morgan Stanley, Chaput and Firestein were the Plaintiff's supervisors and held management positions with Morgan Stanley and subjected the Plaintiff to sexual harassment; discrimination based upon gender and ethnicity; created, aided, abetted and incited sexual harassment and a sexually hostile work environment all in violation of M.G.L. c. 151B.

35.    Morgan Stanley is strictly liable to the Plaintiff for the violations by Chaput and Firestein of the Plaintiff's rights under and protected by M.G.L. c. 151B and the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress.

**WHEREFORE**, the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Morgan Stanley.

## COUNT V

36.    The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 35 of this complaint.

37.   Morgan Stanley's conduct as set forth above constitutes unlawful discrimination based upon gender or sex and ethnic background in violation of M.G.L. c. 151B.

38.   As a direct and proximate result of Morgan Stanley's unlawful discrimination and violation of M.G.L. c. 151B, the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress

**WHEREFORE,** the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Morgan Stanley.

## COUNT VI

39.   The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 39 of this complaint.

40.   Morgan Stanley failed to adequately train and supervise its employees with respect to the requirement and prohibitions of M.G.L. c. 151B and failed to take immediate and responsive remedial measures and actions to alleviate and prevent the sexual harassment, sexually hostile work environment and gender discrimination to which the Plaintiff was subjected in the workplace while an employee of Morgan Stanley as set forth above in violation of M.G.L. c. 151B.

41.   As a direct and proximate result of Morgan Stanley's violation of and failure to comply with M.G.L. c. 151B, the Plaintiff has suffered losses and damages and continues to suffer such losses and damages to the present and will continue to do so into the future including, but not limited to, the loss of her job, lost wages and benefits and emotional distress

**WHEREFORE,** the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees and such other and further relief as this Court deems just and proper against Morton Stanley.

## COUNT VII

42.   The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 41 of this complaint.

8

43.    The conduct of Morgan Stanley and its employees as set forth above constitutes unlawful discrimination in violation of M.G.L. c. 151B.

44.    Morgan Stanley's violation of M.G.L. c. 151B was outrageous, malicious and in reckless disregard of the rights of the Plaintiff.

**WHEREFORE,** the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees, punitive damages and such other and further relief as this Court deems just and proper against Morgan Stanley.

## COUNT VIII

45.    The Plaintiff incorporates by reference as if expressly set forth herein the allegations contained in Paragraphs 1 through 44 of this complaint.

46.    During the period of her employment with Morgan Stanley, employees of Morgan Stanley's Copley office including, but not limited to, Chaput and Firestein committed various violations of Morgan Stanley policies as well as violations of regulations and codes of the security industry.  The Plaintiff voiced her objections to and complained about these violations to management.

47.    The violations of Morgan Stanley policies as well as violations of regulations and codes of the security industry by Chaput and Firestein and others and the Plaintiff's complaints about and objections to these violations were a substantial contributing factor to the termination of the Plaintiff by Morgan Stanley on July 17, 2001.

48.    The Plaintiff's termination by Morgan Stanley on July 17, 2001 constituted wrongful termination in violation of public policy under Massachusetts law.

**WHEREFORE,** the Plaintiff requests that this Honorable Court award to her lost wages and benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional distress, costs, attorneys' fees, punitive damages and such other and further relief as this Court deems just and proper against Morgan Stanley.

## JURY CLAIM

The Plaintiff demands a trial by jury on all claims, counts and issues.

Plaintiff,
Tina Sohn,
By her attorneys,

. HEREBY ATTEST AND CERTIFY ON

NOV. 9, 2004 ___, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK.

Jeffrey C. McLucas, B.B.O.# 550650
Michael A. West, B.B.O.# 523190
Richard T. Corbett, B.B.O. #099280
Christine E. McCabe, B.B.O.# 657363
McLUCAS & WEST, P.C.
141 Tremont Street, Fourth Floor
Boston, Massachusetts  02111
(617) 338-4242

July 16, 2004

10