UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TINA SOHN<br>     Plaintiff,<br><br>                     v.<br><br>MORGAN STANLEY DW INC., CARL CHAPUT AND BEN FIRESTEIN.<br>     Defendants. | Civil Action No.<br>04-12348-MLW |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Morgan Stanley DW Inc., Carl Chaput and Ben Firestein, ("Defendants"), by and through their attorneys, hereby answer the Complaint as follows:

1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore deny such allegations.

2.  Defendants deny the allegations in the first sentence. In answering further, Morgan Stanley is a Delaware Corporation, its principle place of business is Purchase, New York, and the Massachusetts office is located at 125 High Street, Boston, Massachusetts. The second sentence of paragraph 2 of the Complaint states a legal conclusion to which no response is required; to the extent any facts are alleged in the second sentence of paragraph 2 of the Complaint, the same are denied.

3.  Admitted.

4.  Admitted.

5.  Defendants are without knowledge or information sufficient to form a belief as to

      the truth of the allegations in paragraph 5 of the Complaint and therefore deny such allegations.

6.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6 of the Complaint and therefore deny such allegations. Defendants admit the allegations in the second sentence of the Complaint to the extent that Plaintiff was hired as a Financial Advisor Trainee on February 7, 2000, was terminated on July 17, 2001, and worked at the office that was located in Copley Place in Boston, MA; Defendants deny any remaining allegations in paragraph 6 of the Complaint.

7.     Defendants deny the allegations in paragraph 7 of the Complaint. In answering further, during the period of plaintiff's employment at Morgan Stanley, Mr. Firestein was the Branch Manager of Morgan Stanley's Copley Place office.

8.     Admitted.

9.     Defendants deny the allegations in paragraph 9 of the Complaint. In answering further, candidates must meet at least minimum qualifications/standards before Morgan Stanley will offer employment.

10.     Defendants deny the allegations in paragraph 10 of the Complaint.

11.     Defendants admit the allegations in first through third sentences of paragraph 11 of the Complaint. Defendants deny the allegations in the fourth sentence of paragraph 11 of the Complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in first and second sentences of paragraph 12 of the Complaint and therefore deny such allegations. Defendants deny the allegations in the

       third through sixth sentences of paragraph 12 of the Complaint.

13.     Defendants deny the allegations in the first sentence of paragraph 13 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second through seventh sentences of paragraph 13 of the Complaint and therefore deny such allegations. In answering further, Defendant Morgan Stanley, was told for the first time, when investigating Plaintiff's allegations, that two female employees voluntarily kissed each other at a bar where other Morgan Stanley employees were present; management was not present and the incident was not reported to Morgan Stanley management. Defendants deny the allegations in the eighth sentence of paragraph 13 of the Complaint.

14.     Defendants deny the allegations in paragraph 14 of the Complaint.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 15 of the Complaint and therefore deny such allegations. Defendants admit the allegations contained in the second sentence of paragraph 15 of the Complaint. Defendants deny the allegations contained in the third through fifth sentences of paragraph 15 of the Complaint.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22. Admitted.

23. Admitted.

## COUNT I

24. Defendants restate and incorporate their answers to paragraphs 1-23 as if fully set forth herein.

25. Denied.

26. Denied.

Defendants deny that Plaintiff is entitled to damages including lost wages, benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional stress, costs, attorneys' fees or any other relief from this Court based upon the allegations in the Complaint..

## COUNT II

27. Defendants restate and incorporate their answers to paragraphs 1-26 as if fully set forth herein.

28. Denied.

29. Denied.

Defendants deny that Plaintiff is entitled to damages including lost wages, benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional stress, costs, attorneys' fees or any other relief from this Court based upon the allegations in the Complaint..

## COUNT III

30. Defendants restate and incorporate their answers to paragraphs 1-29 as if fully set forth herein.

31. Denied.

32. Denied.

Defendants deny that Plaintiff is entitled to damages including lost wages, benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional stress, costs, attorneys' fees or any other relief from this Court based upon the allegations in the Complaint.

## COUNT IV

33. Defendants restate and incorporate their answers to paragraphs 1-32 as if fully set forth herein.

34. Denied.

35. Denied.

Defendants deny that Plaintiff is entitled to damages including lost wages, benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional stress, costs, attorneys' fees or any  other relief from this Court based upon the allegations in the Complaint.

## COUNT V

36. Defendants restate and incorporate their answers to paragraphs 1-35 as if fully set forth herein.

37. Denied.

38. Denied.

Defendants deny that Plaintiff is entitled to damages including lost wages, benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional stress, costs, attorneys' fees or any other relief from this Court

based upon the allegations in the Complaint..

## COUNT VI

39.     Defendants restate and incorporate their answers to paragraphs 1-38 as if fully set forth herein.

40.     Denied.

41.     Denied.

Defendants deny that Plaintiff is entitled to damages including lost wages, benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional stress, costs, attorneys' fees or any other relief from this Court based upon the allegations in the Complaint..

## COUNT VII

42.     Defendants restate and incorporate their answers to paragraphs 1-41 as if fully set forth herein.

43.     Denied.

44.     Denied.

Defendants deny that Plaintiff is entitled to damages including lost wages, benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional stress, costs, attorneys' fees or any other relief from this Court based upon the allegations in the Complaint.

## COUNT VIII

45.     Defendants restate and incorporate their answers to paragraphs 1-44 as if fully set forth herein.

46. Denied.

47. Denied.

48. Denied.

Defendants deny that Plaintiff is entitled to damages including lost wages, benefits (including back pay and front pay and other benefits), other compensatory damages, damages for emotional stress, costs, attorneys' fees or any other relief from this Court based upon the allegations in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff was employed as an at-will employee.

### FOURTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were caused in whole or in part as a result of Plaintiff's own actions, or the actions of individual(s) for which Defendants have no liability.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, as required by law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff did not complain in any manner, or advise Defendants, that she was being subjected to any harassment or discrimination.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants were not aware, nor should they have been, of any alleged harassment or discrimination.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants maintain a Non-Discrimination and Anti-Harassment Policy and Plaintiff did not utilize the Policy.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff, by her own actions, is estopped from bringing this action.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches, her own misconduct, and/or the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Any harm to the Plaintiff has been caused by her own conduct or by the conduct of other parties for which Defendants are not legally responsible.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants took reasonable care to avoid sexually harassing behavior, and other forms of behavior, by persons for whom Defendants are responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants acted without malice, bad faith, or other improper means or motivation.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any alleged misconduct was not significantly severe or pervasive to alter Plaintiff's work environment.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff participated in, encouraged, and/or "welcomed" any conduct or comments of a sexual nature.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to adequately exhaust her administrative remedies and/or failure to fulfill the procedural and/or administrative and/or jurisdictional prerequisites for maintaining this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend this answer, including, without limitation, to add such affirmative defense as warranted by additional investigation and discovery in this issue.

WHEREFORE, Defendants pray:

1. That judgment enter on their behalf on all counts of the Complaint;

2. That they be awarded their costs, including attorney's fees, incurred in connection with this action; and

3. That they be awarded such other and further relief as this Court deems just and proper.

Respectfully Submitted,

MORGAN STANLEY DW, INC., CARL CHAPUT AND BEN FIRESTEIN

By their Attorneys,

_____/s/ Corinne L. Hood_____

Jaclyn L. Kugell, Esq. (BBO# 561622)
Corinne L. Hood, Esq.(BBO# 654311)
MORGAN, BROWN, & JOY, LLP
One Boston Place
Boston, MA 02108
(617) 523 -6666

## Certificate of Service

I hereby certify that a copy of the foregoing Defendant Morgan Stanley DW Inc.'s Answer was served upon Jeffrey C. Mc.Lucas, Esq., McLucas & West. P.C., 141 Tremont Street, Boston, MA 02111 electronically and by first class mail this ____ day of November 2004.

_____
Corinne Hood